**YALE–NEW HAVEN HOSPITAL,
Interpleader–Plaintiff,**

v.

**Claire M. NICHOLLS, Defendant–
Cross–Defendant–Appellee,**

v.

**Barbara Nicholls, Defendant–Cross–
Claimant–Appellant.**

No. 13–4725.

United States Court of Appeals,
Second Circuit.

Argued: Oct. 16, 2014.

Decided: Jan. 22, 2016.

Kenneth Votre, Votre & Associates, P.C., East Haven, CT, for Defendant–Cross–Claimant–Appellant Barbara Nicholls.

Susan E. Nugent, Murphy & Nugent, LLC, New Haven, CT, for Defendant–Cross–Defendant–Appellee Claire M. Nicholls.

Before: KEARSE, STRAUB, and WESLEY, Circuit Judges.

Judge WESLEY dissents from the denial of panel rehearing in a separate opinion.

## ORDER

A petition for panel rehearing having been made by Defendant–Cross–Claimant–Appellant Barbara Nicholls, the petition is hereby **DENIED.**

WESLEY, Circuit Judge, dissenting from the denial of panel rehearing:

I dissent from the denial of panel rehearing for the reasons stated in my opinion concurring in part and dissenting in part in *Yale–New Haven Hospital v. Nicholls,* 788 F.3d 79 (2d Cir.2015).

Shortly before our decision in *Nicholls,* the Supreme Court of Virginia, over the vigorous dissent of three of its members, including the Chief Justice, upheld a state intermediate appellate court opinion that decided substantially the issue presented here. *See Cowser–Griffin v. Griffin,* 289 Va. 189, 771 S.E.2d 660 (2015), *cert. denied,* No. 14–1531, —— U.S. ——, 136 S.Ct. 791, 193 L.Ed.3d 708, 2016 WL 100359 (U.S. Jan. 11, 2016). The Virginia appellant then filed an unsuccessful petition for a writ of certiorari in the United States Supreme Court, *see* —— U.S. ——, —— S.Ct. ——, —— L.Ed.3d ——, 2015 WL 3918905 (U.S. June 24, 2015), which the Virginia appellee opposed principally on the ground that the posthumous qualified domestic relations order there assigned to

---

an alternate payee payable *lump-sum* benefits, as opposed to *annuity* benefits, and thus no conflict existed between the decision of the Supreme Court of Virginia and those of other state supreme courts or federal courts of appeals, *see* —— U.S. ——, —— S.Ct. ——, —— L.Ed.3d ——, 2015 WL 7770869 (U.S. Nov. 10, 2015).

Without commenting on the merits of such a distinction, I would note that *Nicholls* squarely presents this important ERISA question in the context of annuity benefits.